NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-12478

BAHIG BISHAY & others[1] vs.  SUPERIOR COURT DEPARTMENT.


October 31, 2018.


Supreme Judicial Court, Superintendence of inferior courts.


The petitioners, Bahig Bishay (Bishay) and National Investigations, Inc., Glenn Gillis, and Garry Gillis (collectively, National), appeal from a judgment of a single justice of this court denying, without a hearing, their petition for extraordinary relief in the nature of mandamus, pursuant to G. L. c. 211, § 3.[2]  We affirm.

This is one of a number of cases relating to Bishay's eviction from his home.  Specifically, in the case underlying this, which Bishay commenced in the Superior Court, Bishay sought damages for the removal and storage of his personal property in the course of the eviction.  See Bishay v. Clerk of the Superior Court in Norfolk County, 476 Mass. 1017, 1018 (2017) (denying petition for writ of mandamus seeking order compelling clerk to enter final judgment as proposed by petitioners).  The National petitioners were among the defendants in the Superior Court action.  Final judgment has now entered in that case, Bishay has appealed, and his appeal has been entered and is currently pending in the Appeals Court.

While that appeal has been pending, Bishay and National filed a joint petition in the county court pursuant to G. L.

_____

[1] National Investigations, Inc.; Glenn Gillis; and Garry Gillis.

[2] The single justice also denied the petitioners' motion for reconsideration.

c. 211, § 3, seeking an order requiring the Superior Court judge to incorporate their "agreement for judgment" into the final judgment in the Superior Court; in the alternative, they sought an order from the single justice requiring a jury trial in the underlying case.  The single justice denied their petition.

The appeal from the single justice's judgment is now before us on the petitioners' memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001).  The rule applies where a single justice has denied relief from an interlocutory ruling in the trial court, and requires the appellant to "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any adverse judgment in the trial court or by other available means."  Id.  Regardless of whether the rule applies in this situation, "it is clear on this record that Bishay [and National have or] had adequate remedies in the ordinary appellate process."  Bishay v. Land Court Dep't of the Trial Court, 477 Mass. 1032, 1033 (2017).  See Wallace v. PNC Bank, N.A., 478 Mass. 1020, 1020 (2018) ("whether relief is requested in the nature of certiorari or mandamus, or by means of the court's extraordinary power of general superintendence, relief is available only where the petitioner demonstrates the absence of an adequate and effective alternative remedy").  Specifically, to the extent the petitioners challenge the form of the Superior Court's judgment, or otherwise claim error in the underlying proceedings, they can make those claims in the Appeals Court, in the pending appeal from the final judgment in the underlying action.  They have not met their burden of establishing that the normal appellate process is inadequate to provide a remedy.

In these circumstances, the single justice neither erred nor abused his discretion in denying the petition.

Judgment affirmed.

The case was submitted on the papers filed, accompanied by a memorandum of law.
Bahig Bishay, pro se.
Robert E. Kelley for National Investigations, Inc., & others.